NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INNOVENTION TOYS, LLC,**
*Plaintiff-Appellee*

v.

**MGA ENTERTAINMENT, INC., WAL-MART STORES, INC., TOYS "R" US, INC.,**
*Defendants-Appellants*

---

2014-1731

---

Appeal from the United States District Court for the Eastern District of Louisiana in No. 2:07-cv-06510-SM-MBN, Judge Susie Morgan.

---

Decided: August 5, 2016

---

JAMES C. OTTESON, Arnold & Porter, LLP, Palo Alto, CA, for plaintiff-appellee. Also represented by DAVID A. CAINE, THOMAS T. CARMACK; BRANDON D. BAUM, Agility IP Law, LLP, Menlo Park, CA.

DONALD ROBERT DUNNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, for defendants-appellants. Also represented by ALLEN MARCEL SOKAL.

---

Before LOURIE, PLAGER, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

In *Innovention Toys, LLC v. MGA Entertainment, Inc.*, 611 F. App'x 693 (Fed. Cir. 2015), we decided the appeal brought by defendants-appellants (MGA) from a judgment, entered after a jury trial, that awarded enhanced damages and attorney's fees for MGA's infringement of certain claims of Innovention's U.S. Patent No. 7,264,242. We affirmed the rejection of MGA's obviousness challenge and the ruling that pre-issuance damages under 35 U.S.C. § 154(d) are proper in this case. *Innovention*, 611 F. App'x at 697–700. But we reversed the willfulness finding made by the jury, J.A. 118, and by the district court, *e.g.*, J.A. 57–58, 65, 69 & n.141. And because we found no willfulness as a matter of law, we reversed the enhancement of damages under 35 U.S.C. § 284—an enhancement the district court had found to be warranted after analyzing, J.A. 70–78, the factors enumerated in *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992), to guide an enhancement determination once willfulness is found. *Innovention*, 611 F. App'x at 700–01. We also vacated the award of attorney's fees under 35 U.S.C. § 285, which rested partly on the willfulness finding, J.A. 78–81. *Innovention*, 611 F. App'x at 701. We remanded for entry of a judgment awarding unenhanced damages and for reconsideration of the fee award. *Id.*

The Supreme Court has now vacated our decision and remanded the case to us for reconsideration in light of *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016) (hereinafter "*Halo*"). *See Innovention Toys, LLC v. MGA Entm't, Inc.*, No. 15-635, 2016 WL 3369417, at *1 (U.S. June 20, 2016). Because *Halo* has no effect on our rulings as to obviousness and pre-issuance damages,

we reinstate our 2015 opinion as to those issues. But *Halo* does undermine the basis of our reversal of the willfulness finding and, hence, of our damages-enhancement reversal and fee-award vacatur.

In our 2015 decision, we reversed the willfulness finding based solely on our conclusion, reached under a de novo standard of review, that the obviousness challenge presented by MGA in the litigation was not objectively unreasonable. On appeal, MGA did not dispute that, given the jury instructions, the jury, in finding willfulness, necessarily found subjective willfulness, and MGA presented no persuasive argument that the evidence was insufficient to support the finding of subjective willfulness. But our conclusion of no objective unreasonableness of MGA's litigation defense by itself precluded a finding of willfulness, a precondition for enhancement, under *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc), and *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 776 F.3d 837, 844 (Fed. Cir. 2015), as reflected in this court's decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 769 F.3d 1371, 1382–83 (Fed. Cir. 2014), *vacated*, 136 S. Ct. 1923 (2016).

In *Halo*, the Supreme Court rejected the *Seagate-Bard* approach in respects relevant to our 2015 decision in this case. The Court held that objective reasonableness of the infringer's litigation defense does not preclude a finding of "willful misconduct," which is a permissible basis for enhancement and which may be found based on the infringer's subjective willfulness at the time of its conduct, and that a district court's enhancement determination is to be reviewed for abuse of discretion. 136 S. Ct. at 1932–34. In light of those Supreme Court rulings, our 2015 decision as to willfulness in this case cannot stand.

*Halo* does not require that we now affirm the district court's award of enhanced damages and fees. Instead, we conclude, *Halo* warrants a vacatur of those rulings and a

remand for reconsideration. Through its emphasis on egregiousness and otherwise, *Halo* clarifies the policies affecting whether to enhance damages. The district court should revisit its exercise of discretion to enhance the damages in this case in light of that clarification. The district court should also reconsider its fee award, which it viewed as related to its enhancement determination. J.A. 79–80. In so concluding, we do not suggest that the district court should reach results different from its pre-appeal rulings on enhancement and fees.

The task on remand is limited in an important respect. There is no basis for a new trial on "willful misconduct," which is a sufficient predicate, under *Halo*, to allow the district court to exercise its discretion to decide whether punishment is warranted in the form of enhanced damages. *Halo*, 136 S. Ct. at 1934 ("such punishment should generally be reserved for egregious cases typified by willful misconduct"). On the record in this case, including the jury instructions, J.A. 5534, the predicate of willful misconduct is established by the jury's finding that MGA was subjectively willful under the second part of the *Seagate* standard. The jury made that finding under the clear-and-convincing-evidence standard, which is more demanding than needed. *See Halo*, 136 S. Ct. at 1934. The Supreme Court in *Halo* did not question our precedents on jury determination of that issue. *See WBIP, LLC v. Kohler Co.*, Nos. 2015-1038, -1044, 2016 WL 3902668, at *15 (Fed. Cir. July 19, 2016). Nor did it doubt that a finding favorable to the patentee on the second part of the *Seagate* standard suffices to establish the subjectively willful misconduct that, when present, moves the enhancement inquiry to the stage at which the district court exercises its discretion. The remand in this case, therefore, is for the district court to exercise its discretion in accordance with *Halo*, including the emphasis on egregiousness; willful misconduct has already been

established by a verdict that *Halo* does not warrant disturbing. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, Nos. 2013-1472, -1656, slip op. at 20–21 (Fed. Cir. Aug. 5, 2016).

CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed in part and vacated in part, and the case is remanded for proceedings consistent with this opinion.

No costs.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART**